**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

**KATIE L. WILLIAMS,**

    **Plaintiff,**

v.                                                    Case No.  8:10-cv-289-T-23TBM

**MICHAEL J. ASTRUE,
Commissioner of the United States
Social Security Administration,**

    **Defendant.**
_____/

## REPORT AND RECOMMENDATION

The Plaintiff seeks judicial review of the denial of her claim for Social Security disability benefits.[1]  Because the decision of the Commissioner of the United States Social Security Administration is in accordance with the correct legal standards and is otherwise supported by substantial evidence, I recommend that it be affirmed.

I.

Plaintiff was thirty-three years old at the time of her administrative hearing. Administrative filings reflect that she stands 5' 6" tall and weighed 160 pounds.  Plaintiff has an eleventh-grade education.  Her past relevant work was as a certified nursing assistant and self-employed hair stylist.  Plaintiff applied for disability benefits in November 2002, alleging

---

[1]While the ALJ and the Commissioner noted Plaintiff had also filed an application for Supplemental Security Income payments, *see* (R. 15; Doc. 21), my review of the administrative file did not reveal such an application.

disability as of July 19, 2002, by reason of a rod in her back and resulting pain.[2]  Plaintiff's application was denied originally and on reconsideration.

The Plaintiff, at her request, then received a *de novo* hearing before an Administrative Law Judge (ALJ).  The Plaintiff was represented at the hearing by counsel and testified in her own behalf.  Additionally, a vocational expert was called by the ALJ.

In essence, Plaintiff testified she could no longer work due to problems with her back.  She stated she was diagnosed with scoliosis when she was ten years old.  At that time, she had surgery to have a Harrington Rod placed in her back to prevent her back from getting more crooked.[3]  As a result of the rod, Plaintiff testified that she has constant pain in her lower back.  On a scale from one to ten, with ten being the highest pain, Plaintiff described her pain as a nine and a half.  Plaintiff said that the pain also travels down the back of her leg and she has constant, unexplained pain in her left arm. Besides the initial surgery, Plaintiff said her back treatment has been by way of medication and chiropractic care.  She currently takes Tylenol 3 for pain, and she has taken other prescription medication for pain in the past.  She has taken Darvocet for pain and Flexeril for spasms.  According to Plaintiff, the medication works for about six hours, then she has to take more.

Plaintiff also suffers from a lot of headaches as a result of her pain.  She gets headaches every day and night.  They last until she takes her medication, which she takes every four to six hours.  She takes Advil for the headaches and sometimes Tylenol 3.  Plaintiff

---

[2] Based on her earnings record, Plaintiff amended her onset date at the administrative hearing to June 2004.  (R. 222).

[3] Plaintiff previously received disability due to this impairment.

testified she also suffers from hypertension and depression.  She goes to counseling and has had problems with depression for years.  She gets emotional and cannot do some things that she wants to do with her children.  She testified that she cries every morning but tries not to cry in front of her children.  She takes Risperdal, Paxil, and Trazadone for this condition.  By her testimony, she has good days and bad days; about three days out of a week are bad, sometimes more.  She described a bad day as when her back is really hurting and when she cannot comb her hair, hold her grandson, or go grocery shopping.

Plaintiff lives in a house with her eight children and one grandchild.  Her children range in age from thirteen to nineteen years old, and her grandson is two and a half years old.[4]  She receives child support and food stamps.  Three of her children are disabled and receive disability.  Plaintiff also gets assistance through Medicaid.

Plaintiff described somewhat limited daily activities.  She watches television and sometimes reads a book or gets on the computer.  She props her legs up in bed.  She estimates that, from 8:00 a.m. to 5:00 p.m., she reclines for about three hours.  She can care for her personal needs but cannot put her hair up because she cannot raise her arm for that long.  She does not do anything socially; she just stays home with her children.  She typically starts the cooking and then her children finish it.  She occasionally goes grocery shopping but her oldest son also shops.  When she does go to the grocery store, she uses a cart she can sit in.  Plaintiff does not do any outdoor chores.  Her landlord and her kids take care of things outside of the house.  Plaintiff does not drink alcohol or smoke cigarettes.  She sleeps four to five hours a

---

[4]On consultative evaluation in February 2003, Plaintiff testified that her children range in age from six to sixteen.  (R. 130).

3

night and is awakened with pain. She cannot sleep on her back or stomach at all; she has to rotate from side to side.

As for her physical limitations, Plaintiff testified that she could walk a mile or two before needing to sit down. She can stand about twenty to thirty minutes and sit continuously for about thirty to forty-five minutes but she moves around and needs a pillow for her back. She cannot lift a ten-pound bag of potatoes repeatedly, several times throughout the day, without causing pain but she can lift a gallon of milk with one hand. She has difficulty bending but can squat.

Plaintiff has worked as a certified nursing assistant at a nursing home/retirement center and as a hairdresser out of her home. She stopped working in June 2004, at which time she was doing hair. She estimated that she did that for about eight and half months and her hours varied from about four to five hours a day. Sometimes she would have to stop in the middle of a job because the chemicals bothered her. When asked by the ALJ why she could not do her last job, Plaintiff said she could not because she would have to sit for a long period of time and could not do that at a salon, she could not shift her arms, and the chemicals bothered her. (R. 218-230).

Next, the ALJ took testimony from Irvin J. Roth, a vocational expert (VE). After first classifying Plaintiff's prior work,[5] the VE testified upon a hypothetical assuming Plaintiff's age, education, and work experience, with the residual functional capacity for light

---

[5] The VE characterized Plaintiff's past work as a certified nursing assistant as semi-skilled, medium exertional work and the hair stylist/hair dresser work as skilled, light exertional work.

4

work with an occasional limitation for prolonged sitting (meaning she must alternate sitting and standing as the day progresses) and the ability to perform routine, predictable tasks. By the VE's account, the individual would not be able to perform Plaintiff's past work because such jobs do not allow for a sit/stand option. The VE testified, however, that there would be certain light and sedentary jobs available in the local and regional economy for such individual, including jobs as an assembler (electronic worker type jobs), a cashier, and an inspector/hand packer. Upon questioning by Plaintiff's counsel, the VE indicated that the jobs mentioned would all be precluded if the individual needed to recline or lay down three hours in a nine-hour day. The VE also indicated that if the individual needed two to three more fifteen minute breaks than the two normally allowed along with an hour lunch, most of the jobs would not be available. (R. 231-37).

Also before the ALJ were medical records outlining the Plaintiff's medical history. These matters are addressed adequately by the parties' memoranda and are not set out herein in detail.

By his decision of November 29, 2005, the ALJ determined that while Plaintiff's generalized back pain constituted a severe impairment, she nonetheless had the residual functional capacity to perform light exertional work with an occasional limitation for prolonged sitting and standing that involved only routine, predictable, and repetitive tasks. Upon this determination and VE testimony, the ALJ concluded that Plaintiff could not perform her past relevant work but could perform jobs available to her in the local and national economy. Upon this conclusion, the Plaintiff was determined to be not disabled.

(R. 22-23). The Appeals Council denied Plaintiff's request for review on February 28, 2006, and the ALJ's decision became the final decision of the Commissioner.[6]

## II.

In order to be entitled to Social Security disability benefits, a claimant must be unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than 12 months. . . ." 42 U.S.C. § 423(d)(1)(A). A "physical or mental impairment," under the terms of the Act, is one that "results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." *Id.* at § 423(d)(3).

A determination by the Commissioner that a claimant is not disabled must be upheld if it is supported by substantial evidence and comports with applicable legal standards. *See id.* at § 405(g). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971)

---

[6]Under 42 U.S.C. § 405(g), claims must be presented in district court within 60 days of a final decision of the Commissioner, or within such further time as the Commissioner may allow. This 60-day requirement within which to seek judicial review "is not jurisdictional, but rather constitutes a period of limitations." *Bowen v. City of New York,* 476 U.S. 467, 478 (1986); *see also Hatchell v. Heckler*, 708 F.2d 578, 580 n.1 (11th Cir. 1983) (citing *Rowland v. Califano,* 588 F.2d 449, 550 n.2 (5th Cir. 1979)). Because the 60-day period is not jurisdictional, it may be waived by the parties when not raised. *Hatchell*, 708 F.2d at 580 n.1. Here, the Appeals Council denied Plaintiff's request on February 28, 2006. (R. 7). Plaintiff was given 30-day extension of time within which to file suit in district court on November 26, 2008. (R. 5). Plaintiff did not file suit in this court until January 25, 2010. (Doc. 1). The parties, however, do not raise the issue of compliance with 60-day requirement in § 405(g). Consequently, it need not be considered in determining whether this appeal is properly before the court. *See Rowland*, 588 F.2d at 450 n.2.

(quoting *Consol. Edison Co. of N.Y. v. NLRB*, 305 U.S. 197, 229 (1938)); *Miles v. Chater*, 84 F.3d 1397, 1400 (11th Cir. 1996). The Commissioner must apply the correct law and demonstrate that he has done so. While the court reviews the Commissioner's decision with deference to the factual findings, no such deference is given to the legal conclusions. *Keeton v. Dep't of Health & Human Servs.*, 21 F.3d 1064, 1066 (11th Cir. 1994) (citing *Cornelius v. Sullivan*, 936 F.2d 1143, 1145 (11th Cir. 1991)).

It is, moreover, the function of the Commissioner, and not the courts, to resolve conflicts in the evidence and to assess the credibility of the witnesses. *Grant v. Richardson*, 445 F.2d 656 (5th Cir. 1971). Similarly, it is the responsibility of the Commissioner to draw inferences from the evidence, and those inferences are not to be overturned if they are supported by substantial evidence. *Celebrezze v. O'Brient*, 323 F.2d 989 (5th Cir. 1963). Therefore, in determining whether the Commissioner's decision is supported by substantial evidence, the court is not to re-weigh the evidence, but is limited to determining whether the record, as a whole, contains sufficient evidence to permit a reasonable mind to conclude that the claimant is not disabled. *Miles*, 84 F.3d at 1400; *Bloodsworth v. Heckler*, 703 F.2d 1233 (11th Cir. 1983).

The scope of review is limited to determining whether the findings of the Commissioner are supported by substantial evidence and whether the correct legal standards were applied. 42 U.S.C. § 405(g); *Wilson v. Barnhart*, 284 F.3d 1219, 1221 (11th Cir. 2002); *McRoberts v. Bowen*, 841 F.2d 1077, 1080 (11th Cir. 1988).

III.

The Plaintiff raises one claim on this appeal. By this claim, Plaintiff argues that substantial evidence does not support the ALJ's finding that her subjective complaints of disabling pain were only partially credible. In particular, Plaintiff argues that the ALJ's reasons for discounting her allegations are unsupported because (1) raising children (ages 13-19) does not necessarily require any physical skills and thus does not indicate she is not disabled; (2) her ability to work before her alleged onset date does not demonstrate her allegations of physical limitations after that time are not credible; (3) contrary to the ALJ's statement that she had headaches every day and night and took [only] over the counter medication, she was prescribed Tylenol 3 for her headaches; (4) the ALJ improperly engaged in sit and squirm jurisprudence by discounting her subjective allegations in part on the basis of his observations of her physical condition at the hearing; and (5) although the ALJ noted that the consultative examiner found few signs or symptoms on examination, the doctor found tenderness on superficial and deep palpation along the entire spine with moderate paravertebral muscle spasm. Given these inaccurate reasons for discounting her credibility, Plaintiff urges that her case should be remanded for the ALJ to reassess her credibility. (Doc. 20).

The Commissioner counters that the ALJ applied the correct standard in assessing Plaintiff's subjective allegations of disabling pain and provided adequate reasons, which are supported by substantial evidence, for discounting those allegations. In support, the Commissioner contends the medical record, as discussed by the ALJ, fails to demonstrate

disabling limitations and instead adequately supports the ALJ's credibility finding. In particular, the Commissioner points to the findings on consultative examination by Sidney Grau, M.D., in February 2003; the findings on examination by Plaintiff's treating doctor, Marie T. Richfield, M.D., from April 2003 to August 2005; and the assessments of the nonexamining, state agency doctors. Given the medical record, the Commissioner urges that Plaintiff simply failed to meet her burden of providing evidence to support her allegations of disabling pain and other symptoms. As such, the Commissioner urges that the decision must be affirmed. (Doc. 21).

Where an ALJ decides not to credit a claimant's testimony about [pain], the ALJ must articulate specific and adequate reasons for doing so or the record must be obvious as to the credibility finding. *Foote v. Chater*, 67 F.3d 1553, 1561 (11th Cir. 1995); *Jones v. Dep't of Health & Human Servs.*, 941 F.2d 1529, 1532 (11th Cir. 1991). A reviewing court will not disturb a clearly articulated credibility finding with substantial supporting evidence in the record. *Hale v. Bowen*, 831 F.2d 1007, 1012 (11th Cir. 1987).

Upon careful consideration, I conclude that substantial evidence supports the bulk of the reasons provided by the ALJ for finding that Plaintiff's subjective allegations were only partially credible and, thus, a remand is not warranted.[7] At the outset, I agree with Plaintiff that, to the extent the ALJ discounted her allegations on the basis of her ability to work *prior to* her amended onset date, the reasoning is puzzling at best and of little to no significance in

---

[7]Plaintiff does not challenge the ALJ's application of this circuit's pain standard. In any event, the ALJ clearly was aware of the governing standard because he cited authority from this circuit in addition to the applicable regulations, and the decision reflects correct application of the standard. (R. 19).

9

the credibility analysis. Further, case law suggests that a claimant's ability to engage in daily tasks does not necessarily undercut the credibility of her subjective allegations of disabling pain and resulting limitations. *See Lewis v. Callahan*, 125 F.3d 1436, 1441 (11th Cir. 1997) (providing that participation in everyday activities or short duration, such as housework or fishing, does not disqualify a claimant from disability). However, I disagree with the Plaintiff that the ALJ's conclusion that her ability to raise her eight children and help with a grandson who is a toddler casts doubt on her claim of disabling pain is unsupported and in error. While Plaintiff may not have had to do much physically to take care of some of her children, her ability to care for eight children total, three of whom are disabled, and help raise a grandchild that is still a toddler, was not an improper factor for the ALJ to consider in connection with other factors.[8] *See Pena v. Chater* 76 F.3d 906, 908 (8th Cir. 1996) (affirming ALJ's discounting of claimant's subjective complaints of pain where claimant was able to take care of one of his four children on a daily basis, drive infrequently, and go grocery shopping occasionally).

    In any event, the ALJ's review of the medical evidence, together with the other reasons cited by him for partially discounting Plaintiff's subjective complaints of disabling pain, are supported by substantial evidence such that a remand is not warranted. As for the medical evidence in this case, such is fairly described as sparse. Aside from a few progress reports from a treating source in 2003 and 2005, *see, e.g.* (R. 174-76, 197), and an x-ray taken in 2003 (R. 134), the only other significant evidence pertaining to Plaintiff's back pain is that

---

[8] I also note that Plaintiff's testimony about the age of her children is not entirely in line with that reported during her consultative evaluation.

set forth in the reports of the consultative examiner, Dr. Sidney Grau, M.D. (R. 130-33) and the nonexamining, state agency doctors (R. 138-45, 160-67), which wholly undermine the claim of a disabling back condition. As for Plaintiff's testimony about headaches and taking Tylenol 3, the ALJ accurately recounted that Plaintiff takes Advil, an over-the-counter medication, for her headaches. (R. 19). While Plaintiff is correct that he did not recount her testimony that she "sometimes" took Tylenol 3 for her headaches, the ALJ's failure to do so does not result in error. *See Dyer v. Barnhart*, 395 F.3d 1206, 1211 (11th Cir. 2005) (providing that, "there is no rigid requirement that the ALJ specifically refer to every piece of evidence in his decision, so long as the ALJ's decision, as was *not* the case here, is not a broad rejection which is 'not enough to enable [the district court or this Court] to conclude that [the ALJ] considered her medical condition as a whole.'"). Here, the ALJ fully recognized that Plaintiff was treated conservatively with, among other medications, Tylenol 3. (R. 18). Further, on this point, it is worth noting that Plaintiff does not challenge the ALJ's failure to find that her headaches constituted a severe impairment or resulted in any functional limitations that the ALJ should have addressed, but did not, when assessing her functional capacity. Next, contrary to Plaintiff's urging, it was not inappropriate for the ALJ to comment on her demeanor at the administrative hearing. As the Eleventh Circuit has noted, an ALJ may consider a claimant's demeanor among other criteria in making credibility determinations. *See Norris v. Heckler*, 760 F.2d 1154, 1158 (11th Cir. 1985) (providing that an ALJ may consider a claimant's demeanor during the hearing but must not reject objective medical evidence and the claimant's testimony based solely on his observations during the

hearing).  As such, the ALJ's reference to Plaintiff's demeanor during the administrative hearing in this case was not inappropriate and does not constitute "sit and squirm" jurisprudence because he did not rely on it to the exclusion of the objective medical evidence and other evidence of record.  Rather, the ALJ here sufficiently recounted Plaintiff's testimony as well as the objective medical evidence of record.  (R. 17-20).  Finally, the ALJ's statement that Dr. Grau noted very few signs or symptoms was not inaccurate.  While the doctor's notation of tenderness along the entire spine with moderate paravertebral muscle spasm (R. 132) is not insignificant and the ALJ did not specifically recount that notation, given the record as a whole it simply does not support Plaintiff's suggestion that the same supports a finding of disability or bolsters her allegations of disabling back pain.  Plaintiff fails to note that Dr. Grau also reported a normal straight leg raising test, the ability to ascend and descend from the examining table and assume the upright and supine position without assistance, and only a mildly decreased range of motion in the lumbar spine.  (R. 132-33).  The doctor also failed to note any functional limitations.  Additionally, his assessment is not inconsistent with the other objective evidence of record, and Plaintiff does not contend otherwise.  In sum, Plaintiff has failed to demonstrate that she is entitled to relief on this claim.

IV.

For the foregoing reasons, the decision of the Commissioner of the United States Social Security Administration is in accordance with the correct legal standards and is otherwise supported by substantial evidence, and I recommend that it be affirmed.  I further

recommend that the Clerk be directed to enter Judgment in favor of the Defendant and to close the case.

> Respectfully submitted this
> 9th day of November 2010.

> _____
> THOMAS B. McCOUN III
> UNITED STATES MAGISTRATE JUDGE

### NOTICE TO PARTIES

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its service shall bar an aggrieved party from attacking the factual findings on appeal and a *de novo* determination by a district judge.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72; M.D. Fla. R. 6.02; *see also* Fed. R. Civ. P. 6; M.D. Fla. R. 4.20.

Copies furnished to:
The Honorable Steven D. Merryday, United States District Judge
Counsel of Record